UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRYAN DAVIS & ETHAN SAM, directly on behalf of themselves and all others similarly situated,

                         Plaintiffs,

       v.

FIDELITY MANAGEMENT & RESEARCH COMPANY LLC, et al.,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1:24-cv-08142 (MMG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2025

# [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiffs Bryan Davis and Ethan Sam, and Defendants Fidelity Management & Research Company LLC, Abigail P. Johnson, Jennifer Toolin McAuliffe, Christine J. Thompson, Laura M. Bishop, Ann E. Dunwoody, Robert Gartland, Robert W. Helm, Michael E. Kenneally, Mark A. Murray, Carol J. Zierhoffer, John Engler, Arthur E. Johnson, Marie L. Knowles, Laura M. Del Prato, John J. Burke III, Christopher M. Gouveia, and Kenneth B. Robins (each a "Party," collectively, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person or entity subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information, produced in discovery in this litigation (hereinafter, collectively, "Discovery Material"), may be designated by the party or non-party which produced that information (a "Producing Party") as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order (material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" collectively referred to as "Confidential Discovery Material").

   a. "CONFIDENTIAL" information means information, documents, or things the Producing Party reasonably and in good faith believes is

        not generally known to others, and which the Producing Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) constitutes any information of a personal or intimate nature regarding any individual.

    b.    "HIGHLY CONFIDENTIAL" information means information, documents, or things that have not been made public by the Producing Party and that (i) contain personal identifying information of individuals (e.g. social security numbers); or (ii) the Producing Party reasonably and in good faith believes contain or comprise trade secrets or proprietary business information that the Producing Party reasonably and in good faith believes is so highly sensitive that its disclosure to another could result in significant competitive or commercial disadvantage to the Producing Party.

2. Any person or entity subject to this Order who receives from any other person or entity any Confidential Discovery Material (the "Receiving Party") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

4. Any copies or reproductions, excerpts, extracts, summaries or other documents or media (*e.g.,* electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of Confidential Discovery Material shall also be treated as Confidential Discovery Material pursuant to this Order. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Confidential Discovery Material.

5. All persons obtaining access to Confidential Discovery Material produced in connection with this action shall use such Confidential Discovery Material only for the purpose of this action and in accordance with the provisions of this Order and not for any other purpose.

6. With respect to any portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or that party's counsel may designate such portion as Confidential Discovery Material by stamping or otherwise clearly marking as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any time up to thirty (30) days after the transcript is received by counsel for the

Designating Party (or, as appropriate, non-party). Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such testimony and exhibits shall be treated as Confidential Discovery Material.

7. If at any time prior to the trial of this action, a Producing Party realizes that some portion(s) of Discovery Material (including deposition transcripts and exhibits) that that party previously produced without limitation should be designated as Confidential Discovery Material, they may so designate by so apprising all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential Discovery Material under the terms of this Order.

8. No person or entity subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "CONFIDENTIAL" to any other person or entity, except to:

   a. the parties to this action and the directors, officers, employees, general partners, limited partners, and agents of the parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the preparation, litigation, or settlement of this action;

   b. as to any document, its author, its addressee, and any other person indicated on the face of the document, on the face of any related documents (e.g., a cover e-mail), or in the associated metadata of the document, as having received a copy;

   c. counsel of record and any other outside counsel for the parties, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel (or vendors engaged by such counsel for purposes of this action) who are assisting in the conduct and/or management of this action;

   d. in-house counsel for any party and paralegals, clerical, and other employees assisting in-house counsel;

   e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that such person has executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A in advance of receipt of Confidential Discovery Material;

   f. Any witness who counsel for a party in good faith believes may be called to testify at trial, or deposition in this action, and their counsel, provided that (i) any such witness has first executed the "Acknowledgement and Agreement to be Bound" form annexed

        hereto as Exhibit A, and (ii) such witness may not retain copies of the Confidential Discovery Material after their testimony unless permitted by other provisions of this Order. For witnesses at depositions, hearings, and/or trial who did not have prior access to or knowledge of the Confidential Discovery Material by the Producing Party but to whom disclosure is reasonably necessary for this litigation, (i) counsel for the Producing Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Confidential Discovery Material to such witnesses, and (ii) disclosure of any Confidential Discovery Material to such witnesses shall not occur more than 14 days before the scheduled hearing, trial, or deposition in this Action;

    g.    copying services, translators, litigation support firms including jury consultants, and the Court and its support personnel, as well as court reporters, stenographers, and videographers retained to record testimony taken in this action;

    h.    any other person or entity that the Producing Party agrees in writing may have access to such Confidential Discovery Material;

    i.    any mediator or special master retained by the Parties or appointed by the Court, and employees of such mediator or special master to the extent their participation is reasonably necessary; and

    j.    any other person that the Court orders be given access.

9.    No person or entity subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "HIGHLY CONFIDENTIAL" to any other person or entity, except to:

    a.    as to any document, its author, its addressee, and any other person indicated on the face of the document, on the face of any related documents (e.g., a cover e-mail), or in the associated metadata of the document, as having received a copy;

    b.    counsel of record and any other outside counsel for the parties, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel (or vendors engaged by such counsel for purposes of this action) who are assisting in the conduct and/or management of this action;

    c.    in-house counsel for any party and paralegals, clerical, and other employees assisting in-house counsel;

    d.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that such person has executed the "Acknowledgement and Agreement to be Bound" form annexed

       hereto as Exhibit A in advance of receipt of Confidential Discovery Material;

    e.    any witnesses while testifying at hearings, trial, and/or deposition in this action, but not in any other circumstance including in preparing deponents for the depositions or other testimony, provided that (i) any such witness has first executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A, and (ii) such witness may not retain copies of the Confidential Discovery Material after their testimony unless permitted by other provisions of this Order. For witnesses at hearings and/or trial who did not have prior access to or knowledge of the Confidential Discovery Material by the Producing Party but to whom disclosure is reasonably necessary for this litigation, counsel for the producing party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Confidential Discovery Material to such witnesses. Each such witness shall be advised outside the presence of the jury of the existence of this Order and that this Order requires the parties to keep confidential any Discovery Material designated as "HIGHLY CONFIDENTIAL" and must execute the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A; and

    f.    copying services, translators, litigation support firms including jury consultants, and the Court and its support personnel, as well as court reporters, stenographers, and videographers retained to record testimony taken in this action;

    g.    any other person or entity that the Producing Party agrees in writing may have access to such Confidential Discovery Material;

    h.    any mediator or special master retained by the Parties or appointed by the Court, and employees of such mediator or special master to the extent their participation is reasonably necessary; and

    i.    any other person that the Court orders be given access.

10. To the extent Confidential Discovery Material falls within the categories identified in the Court's Rule I(D)(1), all such Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties shall otherwise comply with the Court's Rule I(D)(2) to request to file under seal all other material. The Parties will use their best efforts to minimize such sealing. In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

5

11. Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly after a good-faith effort to resolve the dispute, counsel for all affected Parties or persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

12. In the event that any Party or any other persons or entities bound by this Order having possession, custody, or control of any Confidential Discovery Material receives a subpoena, request for production of documents, or other process or demand to produce information that includes the Confidential Discovery Material (the "Subpoenaed Party"), such Subpoenaed Party shall give written notice of the subpoena, request for production of documents, or other process or demand to counsel for the Producing Party that designated the Confidential Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" no later than five (5) business days after receipt of the subpoena, request for production of documents, or other process or demand, to the extent that such notice is not prohibited by any law, regulation or court order. The Subpoenaed Party shall also notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all the material covered by the request is subject to this Order, and shall provide a copy of this Order to the issuing entity or individual. The Producing Party shall bear the burden and expenses of seeking protection of the Confidential Discovery Material.

    a. If the Producing Party whose Confidential Discovery Material may be affected timely seeks a protective order to prevent production of the Confidential Discovery Material, the Subpoenaed Party shall not oppose the entry of such protective order (without prejudice to the Subpoenaed Party's rights under the instant Order to challenge the propriety of the Confidential designations of the information) and shall not produce any information designated in this Action as Confidential Discovery Material before a determination by the court from which the subpoena or order issued (or any other court, as may be relevant), unless the Subpoenaed Party has obtained the Producing Party's written consent or is otherwise required by law to produce such Confidential Information.

    b. Nothing in this Paragraph shall be construed as requiring, authorizing or encouraging a Subpoenaed Party or any other persons or entities bound by this Order to (i) challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, (ii) disobey a lawful directive from a governmental regulator, court or authority of competent jurisdiction, or

                (iii) subject themselves to any penalties for noncompliance with any legal process, regulatory directive, or order, or to seek any relief from this Court or any other tribunal of competent jurisdiction.

13. If, in connection with this action, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

    a. If a Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The Receiving Party shall, within four (4) business days, return or destroy all copies of the Inadvertently Disclosed Information and any notes or summaries summarizing or describing to the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed; provided, however, that if the Receiving Party disagrees that the information requested back is privileged, the Receiving Party may retain a single copy of (1) the disputed information and (2) any notes, summaries, or portions of such notes or summaries of the information for the sole purpose of resolving the dispute in accordance with Section 13(c).

    b. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

    c. As with any information redacted or withheld, the Receiving Party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The Receiving Party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

    d. The Producing Party retains the burden of establishing the privileged or protected nature of any information.

    e. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

14. The Court retains sole discretion whether to afford confidential treatment to any Confidential Discovery Material or information contained in any Confidential Discovery Material submitted to the Court in connection with

any motion, application, or proceeding that may result in an order and/or decision by the Court.

15. This Protective Order shall survive the termination of this litigation. Within sixty (60) days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the Producing Party, or destroyed with certification from counsel that all such Confidential Discovery Material has been returned or destroyed. Notwithstanding this provision, counsel may retain an archival copy of (i) attorney work product and (ii) a complete set of all documents filed with the Court. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: March 13, 2025

| | |
|---|---|
| */s/ Halley Josephs* | */s/ Scott D. Musoff* |
| Shawn Rabin | Scott D. Musoff |
| Ari Ruben | SKADDEN, ARPS, SLATE, |
| Lisa Jing | MEAGHER & FLOM LLP |
| SUSMAN GODFREY LLP | One Manhattan West |
| One Manhattan West, Floor 50 | New York, New York 10001 |
| New York, New York 10001 | (212) 735-3000 |
| (212) 336-8330 | scott.musoff@skadden.com |
| srabin@susmangodfrey.com | |
| aruben@susmangodfrey.com | -and- |
| ljing@susmangodfrey.com | |
| | James R. Carroll (*pro hac vice*) |
| Halley Josephs | Eben P. Colby (*pro hac vice*) |
| SUSMAN GODFREY LLP | Marley Ann Brumme |
| 1900 Avenue of the Stars, Suite 1400 | SKADDEN, ARPS, SLATE, |
| Los Angeles, CA 90067 | MEAGHER & FLOM LLP |
| 310-789-3100 | 500 Boylston Street |
| hjosephs@susmangodfrey.com | Boston, Massachusetts 02116 |
| | (617) 573-4800 |
| *Counsel for Plaintiffs* | james.carroll@skadden.com |
| | eben.colby@skadden.com |
| | marley.brumme@skadden.com |
| | |
| | *Attorneys for Defendants Fidelity Management & Research Company LLC,* |

*Abigail P. Johnson, Jennifer Toolin McAuliffe, Christine J. Thompson, Laura M. Del Prato, John J. Burke III, Christopher M. Gouveia, and Kenneth B. Robins*

*/s/ Marc De Leeuw*
Marc De Leeuw
Stephen Ehrenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
deleeuwm@sullcrom.com
ehrenbergs@sullcrom.com

*Counsel for Defendants Independent Trustees of the Fund*

**SO ORDERED.**

Date: March 14, 2025

**MARGARET M. GARNETT**
**United States District Judge**

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BRYAN DAVIS & ETHAN SAM, directly on behalf of themselves and all others similarly situated,

                Plaintiffs,

    v.

FIDELITY MANAGEMENT & RESEARCH COMPANY LLC, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1:24-cv-08142 (MMG)

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (collectively, "Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and in accordance with the Protective Order, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   _____